# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |  |
|---|---|---|
| STATE OF GEORGIA *ex rel.* HUNTER LABORATORIES, LLC and CHRIS RIEDEL, an individual, | ) ) ) ) | CIVIL ACTION NO. _____ |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| QUEST DIAGNOSTICS INCORPORATED, QUEST DIAGNOSTICS NICHOLS INSTITUTE f/k/a QUEST DIAGNOSTICS, INC., QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC., LABORATORY CORPORATION OF AMERICA, LABORATORY CORPORATION OF AMERICA HOLDINGS, and SPECIALTY LABORATORIES, INC., et al., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANTS' JOINT NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, 1446 and other applicable law,

Defendants Quest Diagnostics Incorporated, Quest Diagnostics Nichols Institute,

Quest Diagnostics Clinical Laboratories, Inc., and Specialty Laboratories, Inc.

(together, "Quest"), along with Defendants Laboratory Corporation of America

and Laboratory Corporation of America Holdings (together, "LabCorp"), hereby

file this Joint Notice of Removal of the above-captioned case. Defendants

respectfully assert the following facts to support removal, and in so doing,

expressly reserve all other issues for further pleadings:

## PROCEDURAL HISTORY

1.      LabCorp and Quest are the named defendants in *State of Georgia ex*

*rel. Hunter Laboratories, LLC and Chris Riedel  v. Quest Diagnostics*

*Incorporated, et al.*, Case No. 2008-EV-003846, filed in the State Court of Fulton

County, Georgia (the "State Court Action").

2.      Chris Riedel and Hunter Laboratories, LLC ("Relators") filed, under

seal, a *qui tam* Complaint in the State Court Action on January 8, 2008 on behalf

of the State of Georgia, pursuant to the required sealing provisions under O.C.G.A.

§ 49-4-168.2(c)(2).  That Complaint sought relief including treble damages, civil

penalties, and costs and attorneys' fees for Defendants' alleged violation of the

Georgia False Medicaid Claims Act, O.C.G.A. 49-4-168 *et seq.* ("GFMCA").

3.      On August 13, 2012, the State of Georgia filed its Notice of Election

to Decline to Intervene in the State Court Action, indicating the State's decision

not to proceed in litigating the claims outlined in the Complaint.  At that time,

Relators were permitted to proceed independently on behalf of the State under the

*qui tam* provisions of the GFMCA.

4.      Defendant Quest Diagnostics Incorporated was served with a Summons and the Complaint on May 2, 2013.  Defendant Quest Diagnostics Nichols Institute, was served with a Summons and the Complaint on May 8, 2013.  Defendant Quest Diagnostics Clinical Laboratories, Inc., was served with a Summons and the Complaint on May 2, 2013.   Defendant Specialty Laboratories, Inc. was served with a Summons and the Complaint on May 8, 2013.

5.      Defendant Laboratory Corporation of America was served with a Summons and the Complaint on May 2, 2013.  Defendant Laboratory Corporation of America Holdings was served with a Summons and the Complaint on May 2, 2013.

## INTRODUCTION

6.      Relators' Complaint asserts two different theories by which Defendants' laboratory service billing practices have allegedly violated the GFMCA.

7.      First, in their "overcharge theory," Relators allege that the Defendant laboratories have knowingly made false claims for payment to the Georgia Medicaid program by submitting claims for payment that reflect prices higher than the maximum reimbursement rates allowed under Georgia Medicaid rules, which Relators assert establish a "lowest price" requirement.  (Compl. ¶¶ 6-8, 30-38.)

8.     Second, Relators allege a distinctly federal "pull through" theory of liability that hinges entirely on the interpretation and application of federal law. Relators allege that Defendants "provided kickbacks in the form of deeply discounted private rates to draw in large volumes of 'pull through' Medicaid and other referrals." (Compl. ¶ 29.)  Relators contend that these discounting practices constitute "independently unlawful" violations of the federal Anti-Kickback Statute, 42 U.S.C. § 1320a-7b ("AKS"), which rendered subsequent claims for payment submitted to Georgia "false," and thus actionable under the GFMCA.

9.     The Complaint repeatedly refers to the "pull through" theory, signifying the Relators' intent to rely substantially on alleged violations of the federal AKS as a basis for liability.[1]  Notably, the Complaint uses the term "pull through" a total of *five* times.  (Compl. ¶¶ 25, 29, 40.)  And, in several additional instances throughout the Complaint, while avoiding the specific term "pull through," Relators refer to this theory:

- as "deeply discounting . . . private fees to draw in lucrative Medicaid and other referrals" (Compl. ¶ 2);
- as an attempt "to attract new business from customers who have been receiving deep discounts" (Compl. ¶ 3);

_____

[1] Defendants do not concede that the Complaint states a cause of action under this or any other theory, and reserve all rights to challenge the sufficiency of all or any portion of the Complaint.

- as a "common industry practice" of using deep discounts "to induce their customers to use a single commercial reference laboratory," upon which Defendants "rel[y] . . . to operate at a profit" (Compl. ¶ 25);

- as a billing practice by which Defendants "depended, and continue to depend, on referrals . . . of large volumes of Medicaid and other testing business to cover the losses they would otherwise sustain in offering deeply discounted testing services." (Compl. ¶ 26); and

- as a tactic that Defendant Quest "instructed its sales personnel [to use]" in order to "capture . . . higher paying Medicaid and other referrals." (Compl. ¶ 40)

## REMOVABILITY AND JURISDICTION

10.     This action is properly removable to this Court pursuant to

28 U.S.C. §§ 1441, 1331 and 1367, under which the District Courts of the United

States have either removal and original jurisdiction over causes of action that arise

under the laws of the United States, or have supplemental jurisdiction over any

state law cause of action that forms part of the same case or controversy as those

claims that present a federal question.

11.     Based on the factual allegations of the Complaint relating to "pull

through," which are construed as true for purposes of assessing removal

jurisdiction, Relators have alleged at least one cause of action that "arises under"

federal law.  Relators' "pull through" theory "necessarily raise[s] a stated federal

issue, actually disputed and substantial, which a federal forum may entertain

without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1296 (11th Cir. 2008).

12.     Removal is appropriate here under the first prong of the *Grable* test because the "pull through" allegations present questions of disputed federal law under the federal AKS that the Court must necessarily resolve to determine whether certain claims are actionable.[2]  Namely, Relators must show that the Defendants violated the federal AKS through the "pull through" theory in order to prove all required elements of the corresponding GFMCA claims.  Defendants contest these "pull through" allegations, and contest that these allegations constitute a violation of the AKS.

13.     Removal in this case also satisfies the second prong of the *Grable* test because the "pull through" allegations present substantial questions of federal law. Although Relators' claims are nominally based on the GFMCA, resolving any

---

[2] There can be no question that Relators' "pull through" theory is based on federal, and not state, law.  Relators themselves cite to and rely on the federal AKS statute in the text of the Complaint.  (Compl. ¶ 29.)  In addition, Relators characterize these billing practices as "strictly prohibited by **Federal** health care programs."  (*Id.*) (emphasis provided).

cause of action based on the "pull through" theory will require more than the Court

merely applying federal AKS standards to the facts of this case.  Resolution also

will require the Court to consider and determine nearly pure questions of federal

law, including the interpretation of the bounds of statutory provisions, definitions,

and statutory and regulatory exceptions under the AKS.[3]

14.    Removal is particularly appropriate in this case due to the strong

federal interest in assuring that the AKS is interpreted consistently by federal

authorities.  Resolution of the "pull through" causes of action, and the related

determinations of whether AKS liability exists for those alleged practices, will

necessarily implicate the interpretation and discretionary application of nationally-

applicable federal health care regulations and corresponding policy determinations.

These decisions have been reserved for federal regulatory and enforcement

authorities such as the U.S. Department of Justice ("DOJ") and the Department of

---

[3]As one example, certain statutory exceptions and regulatory safe harbors exist to guide health care providers in obtaining immunity from federal criminal and civil AKS prosecution when they are designing and implementing commercial arrangements.  It is the *federal* agency, the Department of Health and Human Services, Office of the Inspector General, that has been charged with promulgating and interpreting these exceptions, which signals the significant federal interest in maintaining consistency in their interpretation.

Health and Human Services, Office of the Inspector General ("OIG").[4]  Because

the outcome of this case may effectively criminalize what Relators claim are

"common industry practices," these determinations may have conclusive and

binding unforeseen effects upon other actors within the health care industry, and

could hinder the ability of federal authorities to institute comprehensive policy

choices consistent with the goals established by the federal government.

## COMPLIANCE WITH PROCEDURAL AND VENUE REQUIREMENTS OF THE REMOVAL STATUTE

15.     Removal of the State Court Action is timely pursuant to 28 U.S.C.

§ 1446(b)(1), as this Notice is being filed with this Court within thirty (30) days

after the last Defendant was served with a copy of Relators' initial pleading setting

forth the claims for relief upon which the action is based.

16.     In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the

Complaint that has been served on each Defendant in the State Court Action is

---

[4] *See* Statement of Organization, Functions, and Delegations of Authority, 69 Fed. Reg. 127, 40,386 (July 2, 2004) (OIG established as "an independent and objective oversight unit" empowered to "lead[] and coordinate[] activities to prevent and detect fraud and abuse"); *Id.* at 40,388-89 (OIG responsible for "drafting and issuing advisory opinions to the health care industry . . . on whether an activity . . . would constitute grounds for the imposition of a sanction under the anti-kickback statute" and "provides legal advice to [OIG, HHS, and the DOJ] concerning matters involving the interpretation of the anti-kickback statute and . . . the applicability of the anti-kickback statute to various practices").

attached hereto as Exhibit A, and true and correct copies of all other process, pleadings and orders served upon each Defendant in the State Court Action are attached hereto as Exhibit B.

17.     Pursuant to 28 U.S.C. § 1446(d), the Notice of Filing of Notice of Removal being filed with the State Court of Fulton County, Georgia is attached hereto as Exhibit C.

18.     All properly joined Defendants have consented to removal.

19.     The prerequisites for removal under 28 U.S.C. §§ 1441 and 1446 have been met.  If any questions arise as to the propriety of the removal of this action, Defendants request the opportunity to brief the issues for the Court, and, if necessary, pursue related limited discovery.  *See Brown v. Eli Lilly & Co.*, 654 F.3d 347 (2d Cir. 2011) (affirming district court decision to withhold a ruling on removal until parties had finished discovery and fully briefed issues).

20.     Pursuant to 28 U.S.C. § 1441(a), venue lies in, and Defendants are properly removing this action to, the Atlanta Division of the Northern District of Georgia because the State Court of Fulton County, Georgia, where the case was initially filed, is located in this federal judicial district and division.

21.     As required by 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendants shall provide notice of the removal to all parties.

22.     In filing this Joint Notice of Removal, Defendants reserve all defenses to Relators' claims, including all defenses regarding lack of personal jurisdiction over any named Defendant, and any other defenses pertaining to claims that Relators have named the wrong parties to this action.

**[*signatures on following page*]**

Dated:        May 31, 2013                    Respectfully submitted,

AGREED:

| | |
|---|---|
| /s/  Stephen S. Cowen | /s/  Lillian Nash Caudle |

Stephen S. Cowen
  (Ga. Bar No. 192175)
Andrew T. Bayman
  (Ga. Bar No. 043342)
Geoffrey M. Drake
  (Ga. Bar No. 229229)
KING & SPALDING, LLP
1180 Peachtree Street, N.E.
Suite 1700
Atlanta, Georgia 30309
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5141
Email:        *scowen @kslaw.com*
         *abayman@kslaw.com*
         *gdrake@kslaw.com*


Richard D. Raskin
  (*pro hac vice* application to be filed)
Scott Stein
  (*pro hac vice* application to be filed)
Margaret R. Sobota
  (*pro hac vice* application to be filed)
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036
Email:        *rraskin@sidley.com*
         *sstein@sidley.com*
         *msobota@sidley.com*


Lillian Nash Caudle
  (Ga. Bar No. 535111)
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA  30309-3053
Telephone:  (404) 581-3939
Facsimile:    (404) 581-8330
Email:        *lncaudle@jonesday.com*

R. Christopher Cook
  (Ga. Bar. No. 184610)
JONES DAY
51 Louisiana Avenue, NW
Washington, DC  20001
Telephone:  (202) 879-3939
Facsimile:    (202) 626-1700
Email:  *christophercook@jonesday.com*

Heather M. O'Shea
  (*pro hac vice* application to be filed)
JONES DAY
77 W. Wacker Dr.
Chicago, IL 60601
Telephone:  (312) 782-3939
Facsimile:    (312) 782-8585
Email:        *hoshea@jonesday.com*


***Counsel for the Quest Defendants***      ***Counsel for the LabCorp Defendants***

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Rule 7.1(D) of the Local Rules of the Northern District of

Georgia, the undersigned hereby certifies that the foregoing was prepared in a font

and point selection approved by this Court and authorized by Local Rule 5.1(B).

This 31st day of May, 2013.

*/s/  Lillian Nash Caudle*

Lillian Nash Caudle
  (Ga. Bar No. 535111)

***An Attorney for LabCorp Defendants***

JONES DAY
1420 Peachtree St., Suite 800
Atlanta, GA  30309
Telephone:  (404) 521-3939
Facsimile:   (404) 581-8330

## CERTIFICATE OF SERVICE

I certify that on this day, I caused the foregoing DEFENDANTS' JOINT

NOTICE OF REMOVAL to be filed with the Clerk of Court using the CM/ECF

system, and served by First-Class Mail and electronic mail addressed to the

following:

Niall P. McCarthy
    (*nmccarthy@cpmlegal.com*)
Justin T. Berger (*jberger@cpmlegal.com*)
COTCHETT, PITRE & McCARTHY
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010

Timothy M. O'Brien
(*tobrien@levinlaw.com*)
Levin, Papantonio, Thomas, Mitchell,
Echsner & Proctor, PA
316 South Baylen Street, 6th Floor
Pensacola, FL 32502

Victoria L. Kizito
Georgia Asst. Attorney General
State Health Care Fraud Control Unit
21 00 East Exchange Place
Bldg. One, Suite 200
Tucker, GA 30084

This 31st day of May, 2013.

                                    /s/  *Lillian Nash Caudle*
                                    Lillian Nash Caudle
                                     (Ga. Bar No. 535111)

                                  ***An Attorney for LabCorp Defendants***

JONES DAY
1420 Peachtree St., Suite 800
Atlanta, GA  30309
Telephone:  (404) 521-3939
Facsimile:  (404) 581-8330

- 1 -