IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STATE OF GEORGIA ex rel. HUNTER LABORATORIES, LLC and CHRIS RIEDEL, an individual, Relators/Plaintiffs, | : : : : : : : : : : : : : : | CIVIL ACTION NO. 1:13-cv-1838-SCJ  Fulton Co. State Court Case No. 2008-EV-03846 |
| v. | | |
| LABORATORY CORPORATION OF AMERICA, Delaware corporation, et al., Defendants. | | |

## ORDER

This matter appears before the Court on Defendant Laboratory Corporation of America's and Defendant Laboratory Corporation of America Holdings' Motion to Dismiss the Relators' First Amended Complaint. Doc. No. [54].

## I. FACTUAL BACKGROUND[1]

This is a false claims *qui tam* case for violations of the Georgia False Medicaid Claims Act ("GFMCA"), O.C.G.A. § 49-4-168 and the federal Anti-

---

[1] "In ruling on a 12(b)(6) motion, the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff." Speaker v. U.S. Dep't of Health and Human Servs. Ctrs for Disease Control and Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010).

Kickback statute, 42 U.S.C. § 1320a-7b. Doc. No. [52], p. 2, ¶ 4. Relators are suing Laboratory Corporation of America and Laboratory Corporation of America Holdings (hereinafter "Defendants" or collectively, "LabCorp."). Defendants operate clinical laboratory facilities throughout the United States. Doc. No. [52], p. 6, ¶ 13.

In their Amended Complaint, Relators allege two causes of action: (1) violation of the Georgia False Medicaid Claims Act (O.C.G.A. § 49-4-168.1) by presenting false claims and (2) violation of the Georgia False Medicaid Act (O.C.G.A. § 49-4-168.1(a)(2)) by making or using false records or statements to obtain payment or approval of false claims. Id. at pp. 28–30. Relators allege that LabCorp made false claims for payment of Medicaid-covered laboratory tests by falsely representing that the fees being charged were no greater than the maximum fees payable pursuant to Georgia regulations. Id. at p. 3, ¶ 5.

Relators allege that "[r]ather than abide by Division regulations and their Medicaid Participation Agreements, Defendants offered clinical laboratory services to private physicians, clinics, hospitals, independent physician associations ("IPAs"), group purchasing organizations ("GPOs"), other states' Medicaid programs, and other health care providers at fees deeply discounted

below the amounts that Defendants charged Georgia Medicaid for the same tests." Doc. No. [52], pp. 4-5, ¶ 7.

Relators further allege that Defendants' practices are independently unlawful as kickback schemes, prohibited by Federal health care programs pursuant to 42 U.S.C. § 1320a-7b(b)(2)(A). Id. at ¶ 20.[2] Relators allege that Defendants provided kickbacks in the form of deeply discounted private rates to draw in large volumes of "pull through" Medicaid and other referrals. Id. Relators allege that Defendants offer "those discounts to induce its customers to use a single commercial reference laboratory for the majority or all of their clinical testing needs." Id. at ¶ 18. Relators state that the discounted fees can be so low that they do not cover Defendants' cost and therefore, Defendants rely on higher paying, "pull through" Medicaid and "other referrals from those customers to operate at a profit." Id. at ¶ 18.

On February 6, 2015, Defendants' Laboratory Corporation of America and Laboratory Corporation of America Holdings filed a Motion to Dismiss the

---

[2] As stated in the Court's prior order, the Court notes that Relators' claims are filed under GFMCA. However, as noted *supra*, the kickback scheme claim also concerns the federal Anti-Kickback Statute, 42 U.S.C. § 1320a-7b. Therefore, the Court determines that the kickback scheme claim sufficiently "arises under" federal law for the purposes of 28 U.S.C. § 1331. Doc. No. [41], p. 3, n.2 The Court's jurisdiction over the remaining state law claims is supplemental.

3

Amended Complaint (Doc. No.[54]). The parties have briefed the motion and it is now ripe for consideration.

## II. LEGAL STANDARD

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561–62, 570 (2007) (retiring the prior Conley v. Gibson, 355 U.S. 41, 45-46 (1957) standard which provided that in reviewing the sufficiency of a complaint, the complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). In Iqbal, the Supreme Court reiterated that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949.

In Twombly, the Supreme Court emphasized a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Factual allegations in a complaint need not

be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (internal citations and emphasis omitted).

It has been held that as with any basis for False Claims Act ("FCA") liability (which includes the Anti-Kickback statute at issue here, see *infra*, note 3), such claims are subject to Federal Rule of Civil Procedure 9(b)'s pleading requirements. United States ex rel. Keeler v. Eisai, Inc., 568 F. App'x 783, 799 (11th Cir. 2014); see also United States ex rel. Clausen v. Lab. Corp. of Am., Inc., 290 F.3d 1301, 1308 (11th Cir. 2002). Therefore, a complaint alleging claims under FCA must not only include sufficient factual allegations to satisfy the plausibility standard of Rule 12(b)(6), it must also satisfy the heightened pleading requirements established under Rule 9(b). To properly allege fraud under Rule 9(b), a plaintiff "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy this particularity requirement of Rule 9(b), a plaintiff's complaint "must include facts as to time, place, and substance of the defendant's alleged fraud." Clausen, 290 F.3d at 1308 (citation omitted); see also United States ex rel. Matheny v. Medco Health Solutions, Inc., 671 F.3d 1217, 1222 (11th Cir. 2012) ("The particularity requirement of Rule 9(b) is satisfied if the complaint alleges facts as to time, place, and substance of the

5

defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them.") (internal quotations and citation omitted).

## III. ANALYSIS

In their motion and briefing, Defendants argue that Plaintiffs' Amended Complaint must be dismissed for two reasons: (1) the overcharge theory at best alleges regulatory noncompliance, which cannot form the basis for GFMCA liability; (2) the kickback theory allegations have not been pled with particularity as required by Federal Rule of Civil Procedure 9(b). Doc. No. [58], p. 6. As the Kickback Theory is the theory which provides federal question jurisdiction (see note 2, *supra*), the Court will address the Kickback Theory arguments first.

As stated above, in their Amended Complaint, Relators allege that Defendants' practices are independently unlawful as kickback schemes, prohibited by Federal health care programs pursuant to 42 U.S.C. § 1320a-7b(b)(2)(A). Id. at ¶ 20. Relators allege that Defendants provided kickbacks in the form of deeply discounted private rates to draw in large volumes of "pull through" Medicaid and other referrals. Id. Relators allege that Defendants offer "those discounts to induce its customers to use a single commercial reference laboratory for the majority or all of their clinical testing needs." Id. at ¶ 18.

Relators state that the discounted fees can be so low that they do not cover Defendants' cost and therefore, Defendants rely on higher paying, "pull through" Medicaid and "other referrals from those customers to operate at a profit." Id. at ¶ 18. Paragraph 31 and Paragraphs 32 through 38 purport to describe prices provided to two of Defendants' customers, Premier, Inc. and United Healthcare. Doc. No. [52]; Doc. No. [57], p. 26.

The Anti-Kickback Statute makes it a felony to offer or pay "remuneration" to "any person to induce such person" to refer patients for services that will be paid "in whole or in part under a Federal health care program." United States ex rel. Williams v. Health Mgmt. Assocs., Inc., No. 3:09-cv-130, 2014 WL 2866250, at * 10 (M.D. Ga. June 24, 2014) (citing 42 U.S.C. § 1320a–7b(b)(2)(A)).[3] "The Anti-Kickback Statute forbids the offer or payment of 'any remuneration (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind to any person to induce such

---

[3] "The False Claims Act 'creates civil liability for making a false claim for payment by the government.' To prevail on a False Claims Act claim, the government or a relator must establish that the defendant presented a false claim to the United States for approval knowing that the claim was false. A violation of the Anti-Kickback Statute can form the basis of a False Claims Act action if compliance with the Anti-Kickback Statute is 'necessary for reimbursement' of a claim and the claimant submits the claim for reimbursement knowing that the claimant was ineligible for the payment due to a violation of the Anti-Kickback Statute." United States ex rel. Williams v. Health Mgmt. Assocs., Inc., No. 3:09-cv-130, 2014 WL 2866250, at * 13 (M.D. Ga. June 24, 2014) (citations omitted).

person' to refer Medicaid patients for services. Id. at * 11. To establish a violation of the Anti-Kickback Statute, Plaintiffs must show that the Defendants "(1) knowingly and willfully, (2) paid money, directly or indirectly, to [private physicians, clinics, hospitals, independent physician associations ("IPAs"), group purchasing organizations ("GPOs"), other states' Medicaid programs], (3) to induce [private physicians, clinics, hospitals, independent physician associations ("IPAs"), group purchasing organizations ("GPOs"), other states' Medicaid programs] to refer individuals to [Defendants] for the furnishing of [laboratory services], (4) paid for by Medicaid." Id. at * 10.

As for the Relators' kickback theory, Defendants argue that the Amended Complaint lacks the specificity required of Federal Rule of Civil Procedure 9(b), as it "does not identify with particularity any improper discount, any improper inducement, any referral source, any improper referral from such source — and . . . no Medicaid claim from such a referral." Doc. No. [54-1], p. 8. Defendants further argue that Relators have not articulated any specific kickback at issue in this action. Doc. No. [54-1], p. 29. Defendants further allege that the Amended Complaint "fails to allege even a single illegal referral that LabCorp purportedly received . . . . [as] Relators do not identify any doctor that provided such a

referral, nor when LabCorp submitted a claim to Georgia Medicaid arising from that referral." Doc. No. [54-1], p. 29.

In support of their arguments, Defendant cite the following authority, which the Court agrees provides guidance. See United States ex rel. Mastej v. Health Mgmt Assocs., 591 F. App'x 693, 707 (11th Cir. 2014 (dismissal of FCA claims based on AKS violations proper where complaint "never pleaded any details as to the referred patients, or any specifics as to any . . . claims submissions or payments for the referred patients"); United States ex rel. Osheroff v. Tenet Healthcare Corp., No. 09-22253-CIV, 2012 WL 2871264, at *8 (S.D. Fla. July 12, 2012) (dismissing complaint with "no allegations that any particular physicians were induced to alter their referral decisions" based on "financial relationship" with defendants); United States ex rel. Radcliffe v. Purdue Pharma L.P., 582 F. Supp. 2d 766, 784 (W.D. Va. 2008) (dismissing complaint that "[did] not describe even a single instance in which a physician was influenced to prescribe [the drug] based on [the defendant's] misrepresentations"), aff'd, 600 F.3d 319 (4th Cir. 2010).

In response to the Defendants' motion, Relators argue that the Amended Complaint "contains multiple specific examples of discounted rates. As correctly

noted by Defendants, Relators do not address Defendants' other substantive arguments concerning Medicaid referrals.

After review, the Court agrees that Relators have not satisfied the requirements of Federal Rule of Civil Procedure 9(b) and have failed to allege with particularity by identifying an improper/illegal referral or Medicaid claim from such referral. In addition, Relators have failed to allege any specific kickback at issue in this civil action — the allegation of Premier, Inc. and United Healthcare receiving discounts do not establish an improper/illegal referral or Medicaid claim from such referral.

The Motion to Dismiss is **GRANTED** as to the federal question claim, concerning the Anti-Kickback Theory.[4]

As noted above, the Court's jurisdiction over Relators' state law claims (Overcharge Theory) is supplemental. See note 2, *supra*. In accordance with 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." See also Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088–89 (11th Cir. 2004) ("The decision to exercise supplemental

---

[4] Defendants raise additional arguments concerning that Anti-Kickback theory; however, the above-stated ruling being determinative, the Court declines to enter a ruling on Defendants' additional arguments.

jurisdiction over pendant state claims rests within the discretion of the district court. We have encouraged district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial."). As such, the Court declines to exercise supplemental jurisdiction over Relators' state law claims.

## CONCLUSION

Defendant Laboratory Corporation of America's and Defendant Laboratory Corporation of America Holdings' Motion to Dismiss the Plaintiffs' First Amended Complaint (Doc. No. [54]) is hereby **GRANTED** as to the federal question claim, concerning the Anti-Kickback Theory.[5]

The Court declines to exercise supplemental jurisdiction over the Complaint's state law claims (Counts I, II of the Complaint) and hereby remands said claims to the State Court of Fulton County, Georgia.

**IT IS SO ORDERED**, this 19th day of May, 2015.

Steve C. Jones
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

---

[5] The allegations in the Amended Complaint and Notice of Removal are also insufficient to establish other grounds for jurisdiction, including diversity jurisdiction pursuant to 28 U.S.C. § 1441(b)(2), as there is a lack of information concerning the citizenship of certain parties.